UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| TINA FLORES, et al., | Case No. 4:24-cv-07099-KAW |
|---|---|
| Plaintiffs, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | Re: Dkt. No. 14 |
| NATIONAL PARK SERVICE, et al., | |
| Defendants. | |

On March 6, 2025, Defendants National Park Service, Golden Gate National Recreation Area, The Presidio Trust, the United States Department of the Interior, and the United States filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

On April 17, 2025, the Court held a hearing, and, for the reasons set forth below, GRANTS the motion to dismiss.

## I. BACKGROUND

Plaintiffs Tina Flores and Raul Toscano allege that, on June 6, 2021, they were injured while on Torpedo Wharf. (Compl., Dkt. No. 5 ¶ 2.) Plaintiff Flores allegedly "tripped and fell on a defective surface on the wharf" and Plaintiff Toscano allegedly "fell on rotten wood on the wharf." *Id.* Plaintiffs name the National Park Service, the Golden Gate National Recreation Area, the Presidio Trust, the United States Department of the Interior, and the United States as Defendants in the caption of their complaint. (Compl. at 1.) Plaintiffs assert one unspecified cause of action against all Defendants under the FTCA. (Compl. ¶¶ 6-9.) Plaintiffs broadly allege that Defendants' employees "negligently created the conditions which caused the subject incidents" alleged and "failed to guard against or warn plaintiffs of the dangerous conditions." (Compl. ¶ 8.) Plaintiffs seek monetary damages for "medical bills, loss of wages and income, loss of earning

1  capacity, and pain and suffering in the amount of $2,000,000.00." (Compl. ¶ 9.) Plaintiffs allege
2  that they served each of the defendants with Federal Tort Claims on June 6, 2023, which "were
3  denied by letter dated April 15, 2024." (Compl. ¶ 5; 4/15/24 Denial Letter, Suppl. Decl. of
4  Douglas A. Prutton, Dkt. No. 18 ¶ 3, Ex. A.[1]) Thus, the six-month deadline to file the lawsuit was
5  October 15, 2024. *See* 28 U.S.C.A. § 2401(b).

6  Plaintiffs' counsel filed notices of appearance and a proposed summons on October 10,
7  2024. (Dkt. Nos. 1-3.) On October 11, 2024, the Clerk's Office issued a notice of electronic filing
8  error in response to these filings, because Plaintiffs did not file the civil cover sheet or the initial
9  complaint, and did not pay the filing fee. Plaintiffs were advised that the earlier filings would not
10 be processed by the Clerk's Office. The Notice of Electronic Filing was emailed to Plaintiffs'
11 counsel Douglas Allen Prutton at doug@pruttonlaw.com, which was the email provided by
12 Attorney Prutton. (*See* Dkt.) On November 4, 2024, the Clerk's Office issued a second notice of
13 the electronic filing error. Plaintiffs filed the civil cover sheet and the complaint on November 5,
14 2024. (Dkt. Nos. 4 & 5.)

15 On March 6, 2025, Defendants filed the motion dismiss. (Defs.' Mot., Dkt. No. 14.) On
16 March 20, 2025, Plaintiffs filed an opposition. (Pls.' Opp'n, Dkt. No. 15.) On March 27, 2025,
17 Defendants filed a reply. (Defs.' Reply, Dkt. No. 20.)

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1)

A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). A Rule 12(b)(1) motion tests whether a complaint alleges grounds for federal subject matter jurisdiction. A motion to dismiss for lack of subject matter jurisdiction will be granted if the complaint on its face fails to allege facts sufficient to establish subject matter jurisdiction. *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003). In considering a Rule 12(b)(1) motion, the Court "is not restricted to the

---

[1] While not attached to the complaint, the Court finds that the denial letter is incorporated into the complaint by reference and will consider its contents as true for the purposes of the instant motion to dismiss. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). This does not convert the motion to dismiss into a motion for summary judgment. *Id.* at 908.

face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). Once a party has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the opposing party bears the burden of establishing the court's jurisdiction. *See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

### B.     Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility

1  and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at
2  557) (internal citations omitted).
3        Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no
4  request to amend is made "unless it determines that the pleading could not possibly be cured by
5  the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations
6  omitted).

### III.  DISCUSSION

#### A.  The United States is the only proper party.

As an initial matter, Defendants move to dismiss the individual agencies under Rule 12(b)(1) on the grounds that the United States is the only proper party for Plaintiffs' Federal Tort Claims Act ("FTCA") claim. (Defs.' Mot. at 4.)  Plaintiffs do not oppose this argument and agree that the United States is the only proper party under the FTCA. (Pls.' Opp'n at 3.)

Thus, the Court dismisses Defendants National Park Service, Golden Gate National Recreation Area, the Presidio Trust, and the United States Department of the Interior with prejudice, such that the only remaining defendant is the United States.

#### B.  Whether the case is time-barred.

Next, Defendants move to dismiss the entire case pursuant to Rule 12(b)(6) on the grounds that Plaintiffs' claim is time-barred and is not subject to equitable tolling based on Plaintiffs' failure to file their complaint by October 15, 2024. (Defs.' Mot. at 5-6.)  "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C.A. § 2401(b).  Section 2401(b) has been interpreted to include two separate timeliness requirements. *Redlin v. United States*, 921 F.3d 1133, 1136 (9th Cir. 2019). Specifically, "[a] claim is timely only if it has been: (1) submitted to the appropriate federal agency within two years of accrual and (2) filed in federal court within six months of the agency's final denial." *Id.* at 1136 (citing *United States v. Kwai Fun Wong*, ––– U.S. –––, 135 S.Ct. 1625, 1629, 191 L.Ed.2d 533 (2015)).  At issue here is whether Plaintiffs properly filed in

1 federal court within six months of the denial. (*See* Defs.' Mot. at 6.) Plaintiffs allege that the claim was denied by a letter that was dated April 15, 2024. (Compl. ¶ 5)

Plaintiffs makes four arguments in support of their opposition to the motion to dismiss: (1) equitable tolling should apply given the extraordinary circumstances involved in this case; (2) relief should be provided under Federal Rule of Civil Procedure 60(b)(1) for "mistake, inadvertence, surprise, or excusable neglect;" (3) Plaintiff began the lawsuit within the six-month limitations period; and (4) claims against the Golden Gate National Recreation Area,[2] Presidio Trust, and Department of the Interior were never acted upon, and, therefore, the six-month deadline never began. (Pls.' Opp'n at 3.)  The Court will address each of these arguments below.

### i. Whether the lawsuit "began" within the limitations period.

The Court will first address Plaintiffs' argument that they began the lawsuit during the limitations period by opening the case. (Pls.' Opp'n at 11-12.)  Federal Rule of Civil Procedure 3 provides that "[a] civil action is commenced by filing a complaint with the court."  Additionally, in this district, every complaint "must be filed with a completed civil cover sheet on a form approved by the Court." Civil L.R. 3-2(a).  The claim was denied on April 15, 2024, such that the six-month deadline to file expired on October 15, 2024. *See* 28 U.S.C.A. § 2401(b).  Plaintiffs' complaint was filed on November 5, 2024, which was after the six-month deadline to file had expired.

In an attempt to excuse their tardiness, Plaintiffs cite *Lewis v. Richmond City Police Department*, 947 F.2d 733, 735 (4th Cir. 1991)[3] for the proposition that Plaintiffs "'filed' their Complaint when it left the control of their attorney and his assistant, i.e., when they pushed the button to electronically submit the Complaint for filing." (Pls.' Opp'n at 12.)  Despite Plaintiffs contention that *Lewis* is "analogous," it is not.  *Lewis* involved the application of the "prison mailbox rule" to all pro se prisoner cases, which considers a complaint filed when the prisoner

---

[2] The Court notes that the opposition repeatedly mistakenly identifies the Golden Gate National Parks Conservancy, which is not a party to this case, rather than Golden Gate National Recreation Area, which is. The Court assumes that all references to the Conservancy are meant to refer to Golden Gate National Recreation Area, which is the national park in which the incident occurred.
[3] The Court notes that Plaintiffs' citation to this case mistakenly states that this is a Ninth Circuit case. (*See* Pls.' Opp'n at 12.)  Since *Lewis* is a Fourth Circuit case, it is also not binding.

"delivers his pleading to prison authorities for forwarding to the court clerk." *Id.* at 735. This rule "seeks to ensure that imprisoned litigants are not disadvantaged by delays which other litigants might readily overcome." *Id.* Namely, delays in prison mail being sent to the court. *See id*. Moreover, as Defendants argue, "[t]he concerns articulated in *Lewis* about an incarcerated *pro se* litigant's inability to 'monitor the process' of submission and 'access' other means to submit do not apply here." (Defs.' Reply at 2.) The Court agrees. Plaintiffs were and are both represented and presumably not incarcerated, so they or their counsel had the ability to monitor the status of the lawsuit from its inception and could have realized that the Complaint had not been properly filed. Thus, any reliance on *Lewis* is misplaced.

Accordingly, the Court finds that Plaintiffs did not file their lawsuit prior to the October 15, 2024 deadline, so it is subject to dismissal with prejudice unless there is some other grounds for tolling or otherwise excusing the limitations period.

### ii. Equitable Tolling

Plaintiffs contend that equitable tolling should apply and excuse the late filing of the complaint. (Pls.' Opp'n at 8.) In general, equitable tolling exists "to relieve hardships which, from time to time, arise from a hard and fast adherence to more absolute legal rules, which, if strictly applied, threaten the evils of archaic rigidity." *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013), aff'd and remanded sub nom. *United States v. Kwai Fun Wong*, 575 U.S. 402, 135 S. Ct. 1625, 191 L. Ed. 2d 533 (2015)(internal quotation omitted). It is only available in "extreme cases," and "has been applied sparingly." *Scholar v. Pac. Bell*, 963 F.2d 264, 267 (9th Cir. 1992). The party invoking "equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Wong v. Beebe*, 732 F.3d at 1052 (internal quotation omitted). Thus, equitable tolling is generally found "when litigants are unable to file timely documents as a result of external circumstances beyond their direct control." *Id.* (internal quotation omitted).

Here, Plaintiffs contend that counsel exercised reasonable diligence and that "extraordinary circumstances stood in their way and prevented a timely filing of the Complaint." (Pls.' Opp'n at 8.) Plaintiffs submitted declarations and exhibits in support of their equitable tolling argument,

6

1    which is beyond the pleadings and cannot be properly considered in connection with this Rule

2    12(b)(6) motion, so they will not be considered absent a legal basis to do so.[4]

3                    a.    Whether Plaintiffs pursued their rights diligently.

4    In regard to diligence, Plaintiffs state that they served their administrative claims in a

5    timely manner and, after the denial, Plaintiffs' counsel prepared the summons, complaint, and civil

6    cover sheet prior to the deadline and that he and his assistant believed that the documents were

7    electronically filed five days before the deadline. *Id.* When counsel learned that the complaint and

8    civil cover sheet had not been filed on November 4, 2024, he filed them the next day. *Id.* As a

9    result, Plaintiffs filed the complaint three weeks after the limitations period expired.

10   In reply, Defendants contend that Plaintiffs encountered signs that their filing was deficient

11   before the October 15, 2024 expiration of the limitations period, but they took no steps to confirm

12   that the Complaint was properly filed despite their awareness of the imminent statutory deadline.

13   (Defs.' Reply at 4-5 (citing Pls.' Opp'n at 2, 5, 8).)  Specifically, Plaintiffs' counsel knew on

14   October 10, 2024 that his assistant attempted to file the lawsuit but failed to indicate that they

15   were represented by legal counsel, so he filed notices of representation. (Pls.' Opp'n at 2.)

16   Additionally, Plaintiff Flores sent her attorney an email on October 11, 2024 at 2:01 p.m. asking

17   him to explain why she received a filing notification in this case. (Pls.' Opp'n at 5.)[5]  Counsel

18   responded that he had filed the lawsuit and that it should have been sent to him as the lawyer, and

19   that it had been corrected. *Id.*  It appears that Attorney Prutton did not, however, check the docket

20   himself after receiving this email. If he had, he would have seen the notice of electronic filing

21   error, which was issued and docketed at 10:42 a.m. that same day, informing Plaintiffs that they

22   were missing the civil cover sheet and complaint, and that they needed to pay the filing fee.

23   Instead, Plaintiffs' counsel did not become aware of the filing error until he received a courtesy

24   call from the Clerk's Office on November 4, 2024. (*See* Decl. of Douglas A. Prutton, "Prutton

---

[4] Even if this evidence could be considered, the documents presented are unreliable, and, in some cases, illegible.
[5] Based on Plaintiffs' counsel's supporting declaration and the email itself, Plaintiff Flores may have received the notice of electronic filing error, because she emailed him on October 11, 2024 within hours of its docketing. (*See* Prutton Decl. ¶ 8, Ex. 4.)

7

Decl.," Dkt. No. 17 ¶ 12.)

Furthermore, any claim that counsel did not receive notice of the electronic filing error is belied by the fact that he should have been aware that he had also received no confirmation that the complaint was filed, that no judge was assigned, and that no initial case deadlines were set. All of this information was on the public docket, which went unchecked by Plaintiffs.

Thus, the Court finds that Plaintiffs did not exercise diligence. Nonetheless, the Court will next address whether an extraordinary circumstance existed.

b. <u>Whether some extraordinary circumstances stood in their way.</u>

Plaintiffs contend that this is an extraordinary circumstance, because the Clerk's Office assigned a case number and accepted the summons for filing despite the absence of the complaint and civil cover sheet. (Pls.' Opp'n at 9.) Furthermore, Plaintiffs argue that counsel "looked at his assistant's electronic filing with the Court on October 10, 2024 and it appeared to have been properly submitted." *Id.* He did notice that his assistant had not indicated that the plaintiffs were represented by counsel, and he submitted notices of representation that same day. *Id.*

The Ninth Circuit has repeatedly found that extraordinary circumstances are occurrences "beyond [a party's] control" that "make it impossible to file [] on time" and were also the cause of the untimeliness. *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010). This is a very high standard. *Id.* at 1097. The United States Supreme Court has consistently held that "a garden variety claim of excusable neglect," "such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, … does not warrant equitable tolling." *Holland v. Fla.*, 560 U.S. 631, 651–52, 130 S. Ct. 2549, 2564, 177 L. Ed. 2d 130 (2010) (citing *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96, 111 S. Ct. 453, 458, 112 L. Ed. 2d 435 (1990)). Recently, the Ninth Circuit reiterated that "'run-of-the-mill mistakes by one's lawyer that cause a filing deadline to be missed' … 'do not rise to the level of extraordinary circumstances.'" *Trujeque-Magana v. Bennett*, No. 22-35742, 2024 WL 3450994, at *1 (9th Cir. July 18, 2024) (quoting *Luna v. Kernan*, 784 F.3d 640, 646–47 (9th Cir. 2015) (other citations omitted)).

This is not a situation where an occurrence beyond Plaintiffs' control resulted in missing the deadline. As Defendants argue in their reply, in failing to realize that the Complaint was not

1    filed—despite the notice of electronic filing error and despite not receiving confirmation that the
2    documents were filed—at best, Plaintiffs show garden variety neglect, which does not constitute
3    an extraordinary circumstance. (*See* Defs.' Reply at 5.)  While the electronic case filing system
4    opened a case, the public docket clearly provided notice from the Clerk's Office that Plaintiffs had
5    committed an electronic filing error by not filing the complaint and civil cover sheet, and by
6    failing to pay the filing fee.  Electronic filing errors are not an extraordinary circumstance; rather,
7    they happen every day.  When they occur, the Clerk's Office issues a notice of electronic filing
8    error, as it did in this case. That Plaintiffs' counsel states that he did not receive it via email is
9    immaterial, because the error was clearly noted on the public docket, and the Clerk's notice is a
10   courtesy. (*See* Pls.' Opp'n at 6.)  At the hearing, Attorney Prutton argued that he should not have
11   needed to check the docket. This position runs afoul of California Rule of Professional Conduct
12   1.3, which requires that he act with reasonable diligence in representing his client.

13          The Court further notes that the fact that Plaintiffs did not pay the filing fee should have
14   also been a clue that the complaint was not properly filed. Perhaps more shockingly, Plaintiff
15   Flores contacted Attorney Prutton to ask about a notice of electronic filing four days before the
16   expiration of the six-month limitations period, and Attorney Prutton did not check the docket
17   before reassuring her that all was well. (*See* Prutton Decl. ¶ 8.)  Instead, Plaintiffs acknowledge
18   that it took a courtesy phone call from the Clerk's Office for them to realize that they had not filed
19   the case-initiating documents or paid the filing fee. (Pls.' Opp'n at 9.)  That Plaintiffs' counsel did
20   not check the docket or even inquire as to whether a judge was assigned for more than three weeks
21   is the definition of garden variety neglect, which forecloses a finding of extraordinary
22   circumstance.

23          Thus, the Court finds that Plaintiffs have not met their burden of showing the existence of
24   an extraordinary circumstance to justify a three-week tolling of the six-month limitations period.

25          **iii.**    **Relief under Rule 60(b)(1)**

26          Alternatively, Plaintiffs request that the Court grant relief for the late filing pursuant to
27   Federal Rule of Civil Procedure 60(b)(1). (Pls.' Opp'n at 10.) This rule provides that, "[o]n
28   motion and just terms, the court may relieve a party or its legal representative from a final

1  judgment, order, or proceeding" based on "mistake, inadvertence, surprise, or excusable neglect."
2  Fed. R. Civ. P. 60(b)(1).  The advisory committee note explains that the word "final" was added to
3  "emphasize[] the character of the judgments, orders or proceedings from which Rule 60(b) affords
4  relief; and hence interlocutory judgments are not brought within the restrictions of the rule…."
5  Fed. R. Civ. P. 60(b) advisory committee's note to 1946 amendment.

6  In reply, Defendants contend that this relief is unavailable, because it is not only
7  premature, but Plaintiffs cannot show that they are entitled to relief. (Defs.' Reply at 6-7.)
8  Additionally, a request for relief under Rule 60(b) must be made by formal motion. *Id.* at 6.  Based
9  on a plain reading of the rule, the Court agrees that any such relief is premature because no final
10 action has been entered. Defendants are also correct in their assertion that any such request for
11 relief must be brought by formal motion, rather than in connection with an opposition.

12 Thus, the Court finds that, at this juncture, relief is not available under Rule 60(b)(1).

### iv.  Whether the claims against other agencies are timely

14 In the complaint, Plaintiffs allege that they served each defendant with a claim on June 6,
15 2023, and that "[t]hose claims were denied by letter dated April 15, 2024." (Compl. ¶ 5.)  For the
16 first time in opposition, Plaintiffs now claim that the denial letter issued by the United States
17 Department of the Interior's Office of the Solicitor indicated that it related only to the claim filed
18 with the National Park Service. (Pls.' Opp'n at 4.)  As such, the other three claims remain
19 pending, and the limitations period has not begun to run as to those claims. *Id.* at 12-13.

20 In reply, Defendants argue that even if true, "Plaintiffs' proffered facts do not establish that
21 any properly submitted administrative claim remains pending with the federal agency to which it
22 was submitted." (Defs.' Reply at 3.)

23 Under the Code of Federal Regulations, "[a] claim shall be presented to the Federal agency
24 whose activities gave rise to the claim." 28 C.F.R. § 14.2(b)(1).  "When more than one Federal
25 agency is or may be involved in the events giving rise to the claim, an agency with which the
26 claim is filed shall contact all other affected agencies in order to designate the single agency which
27 will thereafter investigate and decide the merits of the claim." 28 C.F.R. § 14.2(b)(2).

28 Plaintiffs acknowledge that the National Park Service denied their claim through a final

10

determination on April 15, 2024. (Compl. ¶ 5; Pls.' Opp'n at 2.)  Now, Plaintiffs contend that their filed claims with the Golden Gate National Recreation Area, the Presidio Trust, and the United States Department of the Interior were never denied. (Pls.' Opp'n at 2.)  The United States Department of the Interior is the federal agency of which the National Park Service is a bureau. *See* 54 U.S.C. § 100301.  Golden Gate National Recreation Area is a national park that includes the Presidio. 16 U.S.C. § 460bb.  The Department of the Interior's regulations governing administrative tort claims provide that although claims are directed to "the local filed office of the Bureau or Office of the Department out of whose activities the accident or incident occurred," the determination is made at the Department level by the Department's "appropriate Associate, Regional, or Field Solicitor."  43 C.F.R. § 22.3(b), (c).  Here, the Department of the Interior's Office of the Solicitor denied the claim filed with the National Park Service (which includes Golden Gate National Recreation Area). (*See* 4/15/24 Denial Letter at 1.)  Thus, of the three administrative claims that Plaintiffs contend remain outstanding, Plaintiff identifies only one other federal agency: The Presidio Trust.

      Not only do Plaintiffs fail to allege any facts to suggest that there is a claim pending before the Presidio Trust, but Plaintiffs also do not allege that they complied with the requirement that their initial claim identified each agency to which the claim was submitted at the time it was presented. *See* 28 C.F.R. § 14.2(b)(3). "Where a claim arising from an incident is presented to more than one Federal agency without any indication that more than one agency is involved, and any one of the concerned Federal agencies takes final action on that claim, the final action thus taken is conclusive on the claims presented to the other agencies in regard to the time required for filing suit set forth in 28 U.S.C. § 2401(b)." *Id.*  Thus, if the claim to the National Park Service was presented to the Presidio Trust, but did not indicate the Presidio Trust's involvement, the NPS denial triggered the six-month deadline to file the lawsuit, and the lawsuit would be time-barred.

      At the hearing, however, Plaintiffs explained that they complied with 28 C.F.R. § 14.2(b)(3) and submitted identical claims to each entity and listed each entity on the face of the claim. As a result, the claim submitted to the National Park Service stated that it was also submitted to the Presidio Trust.  Even so, Plaintiffs contend to have never received notice that the

11

National Park Service was the designated agency to decide the claim under 28 C.F.R. § 14.2(b)(2). Thus, Plaintiffs are granted leave to amend to allege that the claims submitted to the National Park Service and the Presidio Trust complied with the multiple-agency presentation requirement set forth in 28 C.FR. § 14.2(b)(3) and they did not receive notice that the National Park Service was the designated agency, as required. Assuming the truth of these facts, while the claims submitted to the Department of the Interior entities were denied, the Presidio Trust claim remains pending. That said, if Plaintiffs later realize that they cannot make such allegations in good faith and without running afoul of Federal Rule of Civil Procedure 11, they are advised not to amend.

Accordingly, while the Court finds that the April 15, 2024 denial letter triggered the six-month limitations period to file the instant lawsuit against the Department of the Interior entities, Plaintiffs appear able to plead sufficient facts to suggest that the claim filed with the Presidio Trust remains pending due to the Government's potential failure to comply with 28 C.FR. § 14.2(b)(2). Thus, Plaintiffs are granted leave to amend.

### IV.   CONCLUSION

For the reasons set forth above, the Court GRANTS Defendant's motion to dismiss. Specifically, the Court finds that any injuries based on the claims submitted to the Department of the Interior (including the National Park Service and Golden Gate National Recreation Area) are dismissed without leave to amend due to Plaintiffs' failure to file this lawsuit prior to the expiration of the FTCA's six-month statutory period, because equitable tolling does not apply.

Notwithstanding, Plaintiffs are granted leave to amend **only** to allege sufficient facts to establish that the April 15, 2024 denial letter did not apply to the tort claim submitted to the Presidio Trust, such that the Presidio Trust claim remains pending.[6] Plaintiffs shall file the amended complaint within 14 days of this order.

IT IS SO ORDERED.

Dated: May 9, 2025

_____
KANDIS A. WESTMORE
United States Magistrate Judge

---

[6] Whether the Presidio Trust is the entity liable for the condition of Torpedo Wharf is a separate matter.

12